UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY ROY CROSBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00370-JPH-MKK ) |
| K. LUBBENHUSEN, et al., | ) ) |
| Defendants. | ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Interested Party. | ) |

**ORDER DENYING MOTION FOR DEFAULT AND
MOTIONS FOR ASSISTANCE RECRUITING COUNSEL**

Plaintiff Jeffrey Roy Crosby has filed a renewed motion for a default judgment, dkt. [34], and two motions for assistance recruiting counsel, dkts. [26], [37]. For the reasons below, these motions are **DENIED**.

**I.   Motion for Default**

First, Mr. Crosby's motion for a default judgment, dkt. [34], is **denied**. Default judgment is appropriate only where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In his motion, Mr. Crosby asks that the Court issue a default judgment against the defendants because he did not receive their responses to his complaint until November 8, 2022. Contrary to the assertions in Mr. Crosby's motion, the defendants timely filed responses to Mr. Crosby's complaint on October 24, 2022, and these filings were sent to Mr. Crosby via First Class U.S.

1

Mail on the same date. *See* dkts. 30, 31, 32; *see also* dkt. 28 (setting a response deadline of October 24, 2022). That Mr. Crosby did not receive these responses via postal mail until November 8, 2022, does not render the defendants' filings untimely. *See* F.R.C.P. 5(b)(2)(C) ("[S]ervice is complete upon mailing.").

In his motion for default, Mr. Crosby also states his belief that the U.S. Attorney's Office should not be able to represent the defendants in this matter because they have been sued in their individual capacity. Dkt. 34 at 2. As the defendants correctly point out in their response in opposition to Mr. Crosby's motion, *see* dkt. 36 at 1, they are employees of the Department of Justice's Federal Bureau of Prisons and their representation by the Department of Justice is permitted by federal statute. *See* 28 U.S.C. § 516 (permitting such representation for "officers of the Department of Justice"). The Court therefore rejects any arguments by Mr. Crosby to the contrary.

## II.    Motions for Counsel

Mr. Crosby has also filed two motions for assistance recruiting counsel. Dkts. 26, 37. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711

(7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Crosby's second motion for assistance details his attempts to contact multiple attorneys with requests for representation without success. Dkt. 37 at 2. Based on this submission, the Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Crosby is 72 years of age. Dkt. 26 at 2. He has a high school diploma and no legal training. Dkt. 37 at 2. Mr. Crosby states that he is "more than capable of litigating this case on [his] own" and has "no problem whatsoever with reading" but that he has difficulty writing because of nerve damage in his hand that causes "extreme tremors." *Id.* at 2-3. He states he can type when he has access to a typewriter. *Id.* Mr. Crosby also states that his iron deficiency, long-COVID, and constant tiredness impede his ability to litigate on his own. *See* dkts. 26 at 3; 37 at 4. Finally, Mr. Crosby has indicated that he would "only

4

need assistance of representation when it comes time for final settlement[.]" Dkt. 37 at 3.

This case is in its early stages. At this stage, the nature of the issues (specifically that the defendants caused Mr. Crosby to suffer a broken hand and confiscated his splint before his hand had fully healed) do not appear to be complex. Based on Mr. Crosby's clear and comprehensible filings to date, his use of the Court's processes, the non-complex nature of the issues, and his familiarity with the factual circumstances of his claims, the Court finds that the plaintiff is competent to litigate on his own. To the extent that Mr. Crosby's physical limitations or access to a typewriter impede his ability to meet deadlines, he may request extensions of time as needed. Accordingly, the Court will not attempt to recruit counsel to represent Mr. Crosby at this time.

Mr. Crosby's motions for assistance recruiting counsel are **denied without prejudice**. Dkts. 26, 37. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 5/2/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JEFFREY ROY CROSBY
01961-043
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808