UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY ROY CROSBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00370-JPH-MKK |
| K. LUBBEHUSEN, BETTS, | ) ) ) ) |
| Defendants. | ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Interested Party. | ) |

**ORDER GRANTING LIEUTENANT BETTS'
MOTION FOR PARTIAL DISMISSAL**

Plaintiff Jeffrey Roy Crosby, an inmate confined in the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), alleges that Defendant Lieutenant Betts failed to protect him from an attack by another inmate and that, following the attack, Defendant Nurse Lubbehusen failed to provide him adequate medical attention. He seeks damages pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Lt. Betts has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that special factors counsel against an expansion of *Bivens* to Mr. Crosby's claim against him. For the reasons discussed in this Order, Lt. Betts' unopposed motion for partial dismissal, dkt. [31], is **GRANTED**.

1

# I.
# Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true" but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

# II.
# Factual Background

Consistent with the standards above, the Court treats as true the following pertinent allegations in Mr. Crosby's complaint. On or about May 25, 2021, during the evening pill line, Nurse Lubbehusen asked Mr. Crosby to return his empty Lactulose bottle, and Mr. Crosby informed her that he had thrown it away. Dkt. 1 at 2. Nurse Lubbehusen asked Ofc. McGuire to search Mr. Crosby's room, and when Ofc. McGuire found another bottle of Lactulose, Nurse Lubbehusen wrote a "Lying to Staff" incident report against Mr. Crosby. *Id.* at 3. In that report, she falsely stated that Mr. Crosby had told her that he "ran out about a week ago." *Id.* Lt. Betts placed Mr. Crosby in the Special Housing Unit ("SHU"). *Id.*

While in the SHU, Mr. Crosby was attacked by his cellmate, who Lt. Betts knew to be psychotic. *Id.* Mr. Crosby suffered a broken right hand. *Id.* Lt. Betts

refused for three days to remove the cellmate from Mr. Crosby's cell, and he admitted to Mr. Crosby that he was aware of the cellmate's psychosis. *Id.* Mr. Crosby's hand injuries required a splint. *Id.* Months later, Mr. Crosby was seen by a hand specialist who told him that his hand was broken but that due to the delay in treatment, surgery would not be advantageous and would result in additional nerve damage. *Id.* at 6.

## III.
## Discussion

Mr. Crosby claims that Lt. Betts violated his Eighth Amendment rights by failing to protect him from an inmate who was known to be psychotic and dangerous. The complaint seeks only punitive and compensatory damages. Dkt. 1 at 7. Lt. Betts seeks dismissal of the *Bivens* claim alleged against him pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Dkt. 32 at 1. In light of the Supreme Court's decision in *Egbert v. Boule,* 142 S. Ct. 1793 (2022), Lt. Betts' motion for partial dismissal is granted.

### A. Applicable Law

There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1854 (2017). Fifty years ago, the Supreme Court held in *Bivens* that it had authority to create "a cause of action under the Fourth Amendment" against federal narcotics officers who allegedly handcuffed the plaintiff and threatened his family while arresting him. 403 U.S. at 397. That implied authority was subsequently extended twice: first to a former

congressional staffer alleging sex discrimination in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979), and second to the estate of a federal prisoner alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment where prison staff failed to provide him medical attention for an asthma attack for many hours, resulting in his death, *Carlson v. Green*, 446 U.S. 14, 16, n. 1, 24 (1980). But these "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. 1843 at 1855.

In the past four decades, the Court has declined to create any new contexts for *Bivens* claims. *Egbert*, 142 S. Ct. at 1799–1800 (listing cases). "[E]xpanding *Bivens* is not just 'a disfavored judicial activity," *id.* at 1803 (quoting *Ziglar*, 137 S. Ct. at 1857), "it is an action that is impermissible in virtually all circumstances." *Silva v. United States*, 45 F.4th 1134, 1130 (10th Cir. 2022).

To determine whether a *Bivens* remedy is available to a plaintiff suing a federal actor, the Court makes a two-step inquiry. First, it asks whether the claim presents a new *Bivens* context by determining whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Ziglar*, 137 S. Ct. at 1864. Second, if the claim presents a new *Bivens* context, the Court then asks whether there are any special factors that counsel hesitation about granting the extension. *Egbert*, 142 S. Ct. at 1803. In applying the second factor, a district court "faces only one question: whether there is *any* rational reason (even one) to think that Congress is better suited to weigh the costs and

benefits of allowing a damages action to proceed." *Id.* at 1805 (cleaned up). Additionally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at 1804 (quoting *Ziglar*, 137 S. Ct. at 1858). And this is true even if the individual plaintiff alleges he does not have access to the alternative remedy. *Id.* at 1807 ("[W]hether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.").

### B. Application of *Ziglar* and *Egbert* to Mr. Crosby's Claim Against Lt. Betts

The Court must first determine whether Mr. Crosby's claim against Lt. Betts arises in a new context. Although he brings an Eighth Amendment claim like the plaintiff in *Carlson*, the context is different because it involves the actions (or inaction) of Lt. Betts to prevent injury to Mr. Crosby, not the actions of staff in the midst of a medical emergency. *See Egbert*, 142 S. Ct. at 1805 (finding Fourth Amendment excessive force claim arose in a new context because federal agent was a border patrol agent rather than a narcotics officer); *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). The bar to find a new *Bivens* context is low, so the Court readily concludes that Mr. Crosby's Eighth Amendment claim related to protecting him from a potentially dangerous inmate presents a new context. *Egbert*, 142 S. Ct. at 1805.

The Court proceeds to the special factors analysis. That analysis is brief, as it will usually be in light of *Egbert*. Once the Court finds any reason to defer to Congress—or any alternative remedy, even if the plaintiff alleges it is inadequate—the analysis is complete.

Alternative remedies are available to Mr. Crosby. The BOP's administrative remedy process, 28 C.F.R. § 542.10 *et seq.*, provides inmates with the ability to seek formal review of any complaint related to the conditions of their confinement. Additionally, Mr. Crosby may still bring claims for injunctive relief in federal court if he believes his current housing situation or any related action or inaction by Lt. Betts has placed him in ongoing danger. *Ziglar*, 137 S. Ct. at 1862 (observing that the ability to pursue injunctive relief for abuses in the prison setting is a special factor); *Washington*, 2022 WL 3701577 at *8 (noting that availability of injunctive relief "is a sharp contrast with *Carlson*, where the injury was fatal and it was therefore 'damages or nothing'") (quoting *Ziglar*, 137 S. Ct. at 1862). Thus, Mr. Crosby's *Bivens* claim against Lt. Betts is foreclosed by the availability of these alternative remedies.

Lt. Bett's motion for partial dismissal must be granted.[1] *Egbert*, 142 S. Ct. at 1806. This ruling is consistent with the overwhelming weight of persuasive authority. *See, e.g., Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023) (no *Bivens* remedy available for Eighth Amendment claim for failure to protect inmate from being beaten and killed by other inmates); *Hower v. Damron*, 2022 WL 16578864,

---

[1] Because of the availability of other remedies, the Court does not discuss the other special factors presented by the defendants.

at *3 (6th Cir. 2022) (no *Bivens* remedy available for Eighth Amendment claim for failing to protect inmate from harassment and threats by housing unit officer); *Taylor et al. v. Kobayashi*, 2023 WL 2400879 (9th Cir. March 8, 2023) (no *Bivens* relief available for Eighth Amendment claims against for failing to train or supervise an officer accused of sexually assaulting inmates and for failing to adequately address complaints of the officer's conduct).

## IV.
## Conclusion

Lt. Betts' motion for partial dismissal, dkt. [31], is **GRANTED**. Because Lt. Betts is the only defendant to be dismissed under *Egbert*, there is no just reason for delay and partial judgment shall issue accordingly. The **clerk is directed** to terminate Lt. Betts as a defendant on the docket.

**SO ORDERED.**

Date: 6/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFREY ROY CROSBY
01961-043
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov